UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DANIEL FOUNTAIN, | ) | |
| Petitioner, | ) ) ) | Civil No. 6:16-cv-00185-GFVT |
| v. | ) ) | |
| J. RAY ORMOND, Warden, | ) ) | **MEMORANDUM OPINION & ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Daniel Fountain is an inmate confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without counsel, Fountain has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. [R. 1.] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Fountain indicates that he is currently serving a 15-year federal sentence. In 2011, while in the custody of the Bureau of Prisons ("BOP"), the Superior Court for Henry County, Georgia lodged a detainer with the BOP related to unresolved state charges. [R. 1-2 at 4.] Fountain states that in 2014 he invoked procedures under the Interstate Agreement on Detainers Act ("IADA") to request, with the assistance of BOP staff, that Henry County bring him to trial on the charges described in the detainer within 180 days. [R. 1-2 at 12–15, 22–30.] However, Fountain contends that more than 18 months passed without any action having been taken in violation of Georgia's obligations under the IADA. [R. 1-1 at 2–3.] He then he filed two motions to dismiss the indictment in the Henry County case, apparently without success. [R.1-2

at 6–11, 17–20.] He therefore requests that this Court order the BOP to remove the detainer. [R. 1-1 at 3.]

Having reviewed Fountain's petition, the Court must deny relief because the only proper remedy for a violation of the IADA is dismissal of the underlying charges, relief this Court has no authority to effectuate. Cf. *Mokone v. Fento*, 710 F.2d 998, 1003 (3d Cir. 1983) ("only the courts of the indicting state can enter an order that would effectively void the criminal charge" based on a violation of the IADA).

The IADA is an interstate compact entered into by the participating states with the consent of Congress, *Cuyler v. Adams*, 449 U.S. 433, 438–42 (1981), which "creates uniform procedures for lodging and executing a detainer, i.e., a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). To effectuate the IADA's uniform procedures, each participating state enacts substantially identical provisions for the processing of interstate detainers. Georgia's enactment of the IADA provides, in pertinent part, that:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint, provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the

prisoner, and any decisions of the state parole agency relating to the prisoner. Ga. Code § 42-6-20(III)(a) (2014).

Rights under the IADA are only properly asserted as a defense to the continued prosecution of charges in the underlying criminal proceeding itself, not in ancillary proceedings in a separate court challenging the detainer resulting from the charges. Cf. *Phipps v. Kentucky States Parole Bd.*, No. 13-60-GFVT, 2013 WL 5964678, at *2 (E.D. Ky. Nov. 7, 2013) ("If Phipps wants the KPB detainer quashed, he must file an action in the Kentucky state courts under the [IADA]."); see also *Davenport v. Kentucky*, 16-210-GFVT (E.D. Ky. Dec. 27, 2016).

Federal habeas relief under 28 U.S.C. § 2241 is not available based upon an asserted violation of the IADA unless "the error qualifies as a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994). Where, as here, the state court has yet to rule upon the merits of his motion to dismiss the indictment, and in light of the exhaustion requirements found in 28 U.S.C. § 2254, the Court cannot conclude that there is yet any defect to correct at all, let alone one qualifying as so fundamental it warrants preemptive federal habeas relief. Cf. *Stallings v. Franco*, 576 F. App'x 820, 822 (10th Cir. 2014) (noting that "rights created by the [IADA] are statutory, not fundamental, constitutional, or jurisdictional in nature," and therefore a federal habeas corpus action is not an available means to assert an alleged violation of the Act); *Curtis v. United States*, 123 F. App'x 179, 184–85 (6th Cir. 2005) ("alleged violations of the Interstate Agreement on Detainers are not cognizable under either Section 2254, relating to state proceedings, and Section 2255, relating to federal proceeding ... the same logic applies to claims under § 2241 regarding alleged violations of the compact on detainers.").

Accordingly, **IT IS ORDERED** that:

1. Daniel Fountain's petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 20th day of December, 2017.

Gregory F. Van Tatenhove
United States District Judge